## In re NEW YORK, N. H. & H. R. CO.
### No. 369.

Circuit Court of Appeals, Second Circuit.

June 30, 1945.

Joseph B. Ely, Richard Ely, and Ely, Bradford, Thompson & Brown, all of Boston (Seibert & Riggs, of New York City, of counsel), for appellants.

Judson C. McLester, Jr., of New York City, for appellees.

Oliver & Donnally, of New York City (Fred N. Oliver and Willard P. Scott, both of New York City, of counsel), for Mutual Savings Bank Group.

Stewart & Shearer, of New York City (William A. W. Stewart and M'Cready Sykes, both of New York City, of counsel), for United States Trust Co. of New York, Trustee of Harlem River & Port Chester Mortgage.

Wm. Meade Fletcher, Jr., of Washington, D. C., for Reconstruction Finance Corporation.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (Edwin S. S. Sunderland, James L. Homire, and William D. Tucker, Jr., all of New York City, of counsel), for Insurance Group.

White & Case, of New York City (Joseph M. Hartfield and Jesse E. Waid, both of New York City, of counsel), for Bankers Trust Co., Trustee, First and Refunding Mortgage.

Davies, Auerbach, Cornell & Hardy, of New York City (H. C. McCollom, of New York City, of counsel), for Irving Trust Co., Trustee under 6% Collateral Trust Indenture.

Beers & Beers, of New Haven, Conn. (Edmund Ruffin Beckwith, of New York City, of counsel), for Protective Committee for Holders of Boston and New York Air Line First Mortgage 4% Bonds.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

The prior appeal, upon which our mandate was issued, was from an order approving a plan of reorganization which contained provisions for the purchase by New Haven of Old Colony assets. The

opinion is reported in 147 F.2d 40. In the portion of the opinion dealing with the appeal by the Protective Committee for Bonds of Old Colony we said, page 50:

"We conclude that the district court's order of approval must be reversed so that the Commission may make its own independent findings of value and of price."

Upon a motion by the New Haven trustees to modify the opinion we indicated in a supplemental opinion (page 54) that the Commission was at liberty to take additional evidence and modify the plan in the light of new facts, if it thought such a course desirable. Our mandate reversed the order on the appeal "of the Old Colony bondholders * * * and affirmed as to the other appeals, but with leave to the district judge to remand to the Commission all or any portions of the plan, if in his opinion it is desirable to have the Commission consider further any provisions of the plan in addition to those affecting Old Colony." The mandate commanded "that such further proceedings be had in the cause, in accordance with the decision of this Court as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

Order 792, now before us, after referring to the opinions and mandate of this court, recites that the district court has "determined that only the following limited reference of the proceedings to the Commission is required or desirable," and orders that the plan be referred back to the Commission, "but only for the following purposes:

"(1) for such further action with respect to the price to be paid for the Old Colony property as may be required by said Opinions and Mandate;

"(2) for such further action, if any, as the Commission may decide to take with respect to section N(2) and N(3) of the plan; and

"(3) for such adjustments, if any, as the Commission may deem necessary as a result of its action under Paragraphs (1) and (2) hereof."

After filing notice of appeal from this order, the Protective Committee for Bonds of Old Colony petitioned the district court to modify said order to conform it to the provisions of our mandate; and from a denial of their petition they also appeal.

They contend that order 792 restricted the Commission to a reconsideration of the price to be paid for Old Colony assets, contrary to our decision that independent findings must be made of value as well as of price, and precluded the Commission from exercising discretion as to the taking of additional evidence, contrary to the statement in our supplemental opinion that it might do so if such a course was thought desirable. We do not think the order should be given so restricted a meaning, nor can we assume that the Commission has so construed it. On this appeal we shall assume that the Commission has made an independent finding as to "value" as well as "price," for not only would this seem an inevitable step in fixing a price but it was plainly required by our opinions. The opinions state also that the Commission may exercise discretion as to the taking of evidence, and we do not think that paragraph (1) of the order foreclosed the Commission from so doing. The mandate, to which the order makes reference, directs that further proceedings be had in accordance with the laws of the United States. If having regard to all the circumstances the statute required a further hearing and none was had, as the appellants assert, that objection, as well as any others, to the validity of the Sixth Supplemental Report can be presented to the district judge when the report comes before him, and upon appeal should one follow. The prior appeal decided nothing respecting the provisions affecting Old Colony except that the Commission had not made independent findings of value and of price and the statute required that it should. Hence the Commission's new report will be subject to attack upon any legal ground when it comes before the district court. To reverse order No. 792 and require a new order of reference stating specifically that the Commission is to take such action as is "required and permitted" by our opinions and mandate would, we think, be but an unnecessary clarification of what the order already directs and would only result in additional delay. The orders are affirmed but without costs.